**SONG HUANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, United States Attorney General, Respondent.**

**No. 08–2809–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2009.

Michael Brown, New York, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is substituted automatically for former

Gregory G. Katsas, Assistant Attorney General, Civil Division, Blair T. O'Connor, Assistant Director, John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Song Huang, a native and citizen of China, seeks review of a May 14, 2008 order of the BIA affirming the September 4, 2007 decision of Immigration Judge ("IJ") Philip L. Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Song Huang*, No. A 97 661 236 (B.I.A. May 14, 2008), *aff'g* No. A 97 661 236 (Immig. Ct. N.Y. City Sept. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). "We defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008); 8 U.S.C. § 1158(b)(1)(B)(iii).

---

Attorney General Michael B. Mukasey as the respondent in this case.

As a preliminary matter, Huang failed to raise before the BIA the challenges he makes before this Court to the IJ's adverse credibility determination. *See Corovic,* 519 F.3d at 95. Indeed, Huang failed to exhaust any challenge to the IJ's findings that: (1) the record of Huang's credible fear interview was reliable and the inconsistencies therein undermined his credibility; and (2) Huang's corroborating evidence failed to rehabilitate his testimony. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).[1]

Because the record does not otherwise compel a conclusion that Huang was credible, *Xiu Xia Lin,* 534 F.3d at 167, the IJ properly denied his application for asylum, withholding of removal, and CAT relief where the only evidence that Huang was likely to be persecuted or tortured depended on his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Huang's arguments before this Court cannot be considered subsidiary to those he made before the BIA. *Cf. Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005). Before the BIA, Huang argued generally that the IJ erred in relying on minor inconsistencies and in failing to provide him an opportunity to present additional evidence. Such general arguments did not serve to put the BIA on notice of the specific arguments he now makes before this Court. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

